Case No. 23-6002

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

JOSHUA GARTON,

*Plaintiff – Appellant,*

v.

W. CROUCH, *et al.,*

*Defendants – Appellees.*

_____

On Appeal from the United States District Court for the
Middle District of Tennessee
Case No: 3:21-cv-00338

_____

## PRINCIPAL BRIEF OF PLAINTIFF-APPELLANT
## JOSHUA GARTON

_____

DANIEL A. HORWITZ (TN #032176)
LINDSAY E. SMITH (TN #035937)
MELISSA K. DIX (TN #038535)
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
(615) 739-2888
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law

Date: March 15, 2024          *Counsel for Plaintiff-Appellant*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, the Appellant makes the following disclosures:

(1)   Is said party a subsidiary or affiliate of a publicly owned corporation? **No.**

(2)   Does a publicly owned corporation or its affiliate, not a party to the appeal, have a financial interest in the outcome?  **No.**

# I.    TABLE OF CONTENTS

II.  TABLE OF AUTHORITIES _____iv

III. STATEMENT OF JURISDICTION _____vii

IV. INTRODUCTION _____1

V. STATEMENT OF THE ISSUES _____2

VI. STANDARD OF REVIEW_____3

VII. STATEMENT OF THE FACTS AND OF THE CASE _____4

VIII. SUMMARY OF ARGUMENT _____12

IX. ARGUMENT _____13

   A.  CRAIG AND VALLEE FAILED TO MEET THEIR BURDEN OF SHOWING GOOD CAUSE FOR A PROTECTIVE ORDER. _____13

   B.  THE MAGISTRATE JUDGE VIOLATED PARTY-PRESENTATION RULES BY RAISING ITS OWN ARGUMENTS IN SUPPORT OF A PROTECTIVE ORDER. _____16

   C.  THE MAGISTRATE JUDGE'S *SUA SPONTE* ARGUMENTS IN SUPPORT OF A PROTECTIVE ORDER WERE WRONG. _____19

X. CONCLUSION _____22

CERTIFICATE OF COMPLIANCE _____24

CERTIFICATE OF SERVICE _____25

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS _____26

# II.  TABLE OF AUTHORITIES

## Cases

*Am. Addiction Centers, Inc. v. Nat'l Ass'n of Addiction Treatment Providers*,
No. 3:19-CV-376, 2019 WL 13125499 (M.D. Tenn. Nov. 7, 2019) _____13, 15

*Am. C.L. Union of Mississippi, Inc. v. Finch*,
638 F.2d 1336 (5th Cir. 1981) _____20

*Ambrose v. Welch*,
729 F.2d 1084 (6th Cir. 1984) _____vii

*Anderson v. City of Fulton, Kentucky*,
No. 5:18-CV-00032-TBR-LLK, 2019 WL 729986 (W.D. Ky. Feb. 20, 2019) _____14, 20

*Barany-Snyder v. Weiner*,
539 F.3d 327 (6th Cir. 2008) _____18

*Brown & Williamson Tobacco Corp. v. FTC*,
710 F.2d 1165 (6th Cir. 1983) _____3

*Carducci v. Regan*,
714 F.2d 171 (D.C. Cir. 1983) _____17–18

*Carr v. Monroe Mfg. Co.*,
431 F.2d 384 (5th Cir. 1970) _____20–21

*Day v. McDonough*,
547 U.S. 198 (2006) _____18

*Gen. Dynamics Corp. v. Selb Mfg. Co.*,
481 F.2d 1204 (8th Cir. 1973) _____13

*Gulf Oil Co. v. Bernard*,
452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) _____13

*Hoven v. Walgreen Co.*,
    751 F.3d 778 (6th Cir. 2014)_____xii

*In re Nat'l Prescription Opiate Litig.*,
    927 F.3d 919 (6th Cir. 2019))_____17, 20, 22

*In re Skelaxin (Metaxalone) Antitrust Litig.*,
    292 F.R.D. 544 (E.D. Tenn. 2013) _____20

*Koprowski v. Baker*,
    822 F.3d 248 (6th Cir. 2016) _____17

*Longenbach v. McGonigle*,
    750 F. Supp. 178 (E.D. Pa. 1990) _____20

*McQueen v. Beecher Cmty. Sch.*,
    433 F.3d 460 (6th Cir. 2006) _____vii, xii

*Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*,
    823 F.2d 159 (6th Cir. 1987) _____14, 15 19

*Nemir v. Mitsubishi Motors Corp.*,
    381 F.3d 540 (6th Cir. 2004) _____13

*Nix v. Sword*,
    11 F. App'x 498 (6th Cir. 2001) _____13, 19

*Pearson v. Miller*,
    211 F.3d 57 (3d Cir. 2000) _____20

*Procter & Gamble Co. v. Bankers Tr. Co.*,
    78 F.3d 219 (6th Cir. 1996) _____3

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
    825 F.3d 299 (6th Cir. 2016) _____21

*Shingara v. Skiles*,
    420 F.3d 301 (3d Cir. 2005) _____20

*Solar X Eyewear, LLC v. Bowyer*,
    No. 1:11-CV-763, 2011 WL 3921615 (N.D. Ohio Sept. 7, 2011) _____14

*The Courier J. v. Marshall*,
    828 F.2d 361 (6th Cir. 1987) _____3

*Thurman v. Yellow Freight Sys., Inc.*,
    90 F.3d 1160 (6th Cir. 1996) _____18

*United States v. $525,695.24, Seized From JPMorgan Chase Bank Inv. Acct. #xxxxxxxx*,
    869 F.3d 429 (6th Cir. 2017) _____xi

*United States v. McReynolds*,
    964 F.3d 555 (6th Cir. 2020) _____17

*United States v. Sineneng-Smith*,
    140 S. Ct. 1575, 206 L. Ed. 2d 866 (2020) _____17

## Statutes and Rules

Fed. R. Civ. P. 21 _____ix

Fed. R. Civ. P. 26(c)(1) _____13

Fed. R. Civ. P. 41(a)(1)(A)(ii) _____x

Tenn. Code Ann. § 10-7-504(a) _____16

## Other Authorities

Adam A. Milani & Michael R. Smith, *Playing God: A Critical Look at Sua Sponte Decisions by Appellate Courts*, 69 TENN. L. REV. 245 (2002) _____18

## III.   STATEMENT OF JURISDICTION

The district court determined that its judgment below was final.[1]  The Plaintiff-Appellant believes otherwise, given that his Motion for Leave to File a Second Amended Complaint was never adjudicated.[2]  If the district court's view is correct, though, then this Court has jurisdiction under 28 U.S.C. § 1291, because the Appellant: (1) has appealed a final judgment of the district court, and (2) sought review in the district court of the magistrate order that is at issue in this appeal, *see McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 472 (6th Cir. 2006) ("[W]e are 'without jurisdiction to review the magistrate's order *unless* the parties have sought review in the district court.'") (quoting *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984)) (emphasis added).

### A.   FEDERAL JURISDICTION AND FINALITY

The district court had original jurisdiction over this action because Plaintiff Joshua Garton—the Appellant here—asserted federal claims under 42 U.S.C. § 1983.[3]  Mr. Garton later filed a First Amended Complaint that asserted claims against nine defendants: (1) W. Ray Crouch, (2) David

---

[1] Nov. 13, 2023 Order, R. 117, PageID #2182.

[2] Pl.'s Notice Regarding Unadjudicated Mot. that Precludes Finality, R. 116, PageID ##2176–79; *see also* Mot. for Leave to File Second Amended Compl., R. 96, PageID ##2076–81.

[3] Pl.'s Compl., R. 1, PageID ##15–26.

Rausch, (3) Bradley Nealon, (4) Russell Winkler, (5) Joshua Melton, (6) Joseph Craig, (7) Donald Arnold, (8) Andrew Vallee, and (9) the City of Dickson, Tennessee.[4]

On January 28, 2022, the district court entered an interlocutory order dismissing some of Mr. Garton's claims and dismissing some defendants.[5] Based on that order, "[t]he Amended Complaint [was] DISMISSED in its entirety with respect to defendants City of Dickson, Donald Arnold, David Rausch, Bradley Nealon, Russell Winkler, and Joshua Melton," leaving only W. Ray Crouch, Joseph Craig, and Andrew Vallee remaining as defendants.[6]

Mr. Garton later moved for leave to file a Second Amended Complaint.[7] Mr. Garton's proposed Second Amended Complaint sought to add new allegations relevant to (among other things) an earlier-dismissed claim for injunctive and declaratory relief asserted against Defendant David Rausch in his official capacity.[8]  The district court never adjudicated the motion.

Mr. Garton later settled his claims against the three remaining defendants—Ray Crouch, Joseph Craig, and Andrew Vallee.  Thus, on

---

[4] Pl.'s Amended Compl., R. 45, PageID #1755.
[5] Jan. 28, 2022 Order, R. 62, PageID ##1931–32.
[6] *Id.* at PageID #1933.
[7] Mot. for Leave to File Second Amended Compl., R. 96, PageID ##2076–81.
[8] *Id.* at PageID ##2077–2078; *see also* Proposed Second Amended Compl., R. 96-1, at PageID ##2111–2113.

October 30, 2023, Mr. Garton filed a stipulation of dismissal with prejudice "as to Defendants Joseph Craig, W. Ray Crouch, and Andrew Vallee" only.[9] The stipulation stated that Mr. Garton's "claims against Defendants Joseph Craig, W. Ray Crouch, and Andrew Vallee should be dismissed with prejudice[,]" and it cited the authority conferred upon the district court by Federal Rule of Civil Procedure 21 to effect their dismissal by "drop[ping] a party."[10]  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

The district court did not enter an order "drop[ping] a party" under Rule 21, though.  Instead, on October 30, 2023, a notation appeared on the docket stating: "***Civil Case Terminated per 115 STIPULATION of Dismissal and per Judge Trauger's chambers.  No order to enter.***"[11]

On November 10, 2023, Mr. Garton filed a notice explaining that, in his view, his unadjudicated Motion for Leave to File a Second Amended Complaint precluded finality.[12]  On November 13, 2023, the district court entered an order stating:

---

[9] Pl.'s Stipulation of Dismissal as to Defs.' Craig, Crouch, and Vallee, R. 115, PageID #2173.

[10] *Id.* (citing Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.")).

[11] *See* District Court Docket Notation between R. 115 and R. 116.

[12] Pl.'s Notice Regarding Unadjudicated Mot. that Precludes Finality, R. 116, PageID ##2176–78.

> The plaintiff has filed a "Notice Regarding Unadjudicated Motion That Precludes Finality" (Doc. No. 116). When a party files a Stipulation of Dismissal With Prejudice, as was done in this case (Doc. No. 115), any pending motions are termed by the Clerk as they are moot, given the parties' settlement. The plaintiff's assumption that, in some way, the court must proceed to rule on the merits of his Motion for Leave to File a Second Amended Complaint filed on June 6, 2023 (Doc. No. 96) is entirely without merit. [13]

The problem, as Mr. Garton sees it, is that the district court treated his stipulation to dismiss three of nine defendants under Federal Rule of Civil Procedure 21 as if it were a Federal Rule of Civil Procedure *41* stipulation to dismiss this "action." The district court was, of course, correct that a Rule 41 dismissal of this "action" could be effected without a court order by filing a stipulation of dismissal signed by all parties. *See* Federal Rule of Civil Procedure 41(a)(1)(A)(ii). But that is not what Mr. Garton filed, and he stipulated only that three defendants should be dismissed. [14]

Mr. Garton never stipulated to the dismissal of the entire "action[,]" *id.*, which would have precluded him from appealing earlier-dismissed claims he intended to continue pursuing against, for example, Defendants the City of Dickson and Donald Arnold (who settled with Mr. Garton during this appeal). Nor did Mr. Garton's agreement to dismiss the three remaining

---

[13] Nov. 13, 2023 Order, R. 117, PageID #2182.
[14] Pl.'s Stipulation of Dismissal as to Defs.' Craig, Crouch, and Vallee, R. 115, PageID #2173.

defendants "moot" his motion to file a Second Amended Complaint to add allegations related a different defendant—David Rausch—who had not settled with Mr. Garton and was dismissed from the case as part of an earlier interlocutory order.  There is no indication on the docket that Mr. Garton's motion for leave to file a Second Amended Complaint was, in fact, ever terminated as moot, either.

At any rate, because the district court's November 13, 2023 order stated that its judgment was final as of October 30, 2023, Mr. Garton filed a timely notice of appeal on November 13, 2023.[15]  Thus, if—as the district court determined—Mr. Garton's stipulation to dismiss three of nine defendants produced finality, then this Court has jurisdiction under 28 U.S.C. § 1291, because the Appellant has appealed a final judgment of the district court.  Otherwise, this Court lacks jurisdiction, and this case should be remanded with instructions to adjudicate Mr. Garton's unadjudicated Motion for Leave to File a Second Amended Complaint.  *See United States v. $525,695.24, Seized From JPMorgan Chase Bank Inv. Acct. #xxxxxxx*, 869 F.3d 429, 434 (6th Cir. 2017) ("[A]n order is only final, and therefore appealable, when all the claims as to all parties have been resolved.") (citing *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009)).

---

[15] Notice of Appeal, R. 118, PageID #2183.

**B.    JURISDICTION TO REVIEW MAGISTRATE ORDER**

The only order challenged in this appeal is an order by a magistrate judge granting Defendants Craig and Vallee's motion for a protective order.[16] Where, as here, a magistrate judge was not granted plenary jurisdiction, this Court lacks jurisdiction to review a magistrate judge's order unless a party sought review in the district court. *See McQueen*, 433 F.3d at 472; *Hoven v. Walgreen Co.*, 751 F.3d 778, 782 (6th Cir. 2014).  Here, Mr. Garton both sought[17] and obtained[18] review of the magistrate order below.  Thus, this Court has jurisdiction to review the magistrate order appealed here.

---

[16] Jan. 23, 2023 Mem. Order, R. 85, PageID ##2030–41.
[17] Pl.'s Mot. for Review of Nondispositive Order of Magistrate Judge, R. 87, PageID #2044; Pl.'s Memo. in Supp. of Mot. for Review of Nondispositive Order of Magistrate Judge, R. 88, PageID ##2047–54.
[18] Mem. and Order, R. 92, PageID ##2064–69.

## IV.  INTRODUCTION

This lawsuit began as a federal civil rights case arising from the Defendants' illicit arrest, incarceration, and prosecution of Mr. Garton for posting a crudely photoshopped meme that offended law enforcement. Because of Mr. Garton's intervening settlements with most of the Defendants, though, this case has been narrowed essentially to one issue: whether the magistrate judge erred by granting Defendants Craig and Vallee's motion for a protective order when "[t]he entirety of [their] argument" in support of a protective order was "made in one sentence[.]"[19]

The magistrate judge did err by issuing a protective order under these circumstances.  Protective orders—which shield important documents from public view, especially in civil rights cases—may be granted only when proponents have met a meaningful burden of proof.  Craig and Vallee's single-sentence justification for issuing a protective order here failed to meet that burden, and the magistrate judge erred by supplying arguments *sua sponte* in their place.  As a result, the magistrate judge's order granting Defendants Craig and Vallee's motion for a protective order should be reversed, and the resulting protective order should be vacated.

---

[19] Jan. 23, 2023 Mem. Order, R. 85, PageID #2034.

# V.  STATEMENT OF THE ISSUES

Assuming this Court's jurisdiction is secure, *see supra* at vii–xii, this appeal presents the following three issues:

1.     Did the magistrate judge err by granting Defendants Craig and Vallee's motion for a protective order when their "one sentence" argument in support of a protective order failed to make a particular and specific demonstration of fact that a protective order was necessary to prevent a clearly defined and serious injury?

2.     Did the magistrate judge contravene party-presentation rules by supplying arguments in support of granting a protective order that the proponents of the protective order never raised?

3.     Were the magistrate judge's *sua sponte* arguments in support of granting a protective order erroneous?

# VI.  STANDARD OF REVIEW

"While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and 'is circumscribed by a long-established legal tradition' which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983)).  "This Court reviews the question of whether a district court's protective order was premised upon a showing of good cause for an abuse of discretion."  *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (citing *The Courier J. v. Marshall,* 828 F.2d 361, 364 (6th Cir. 1987)).

## VII.  STATEMENT OF THE FACTS AND OF THE CASE

In January 2021, Plaintiff Joshua Garton pseudonymously posted the following message and fake photograph (otherwise known as a "meme") on Facebook, a social media website:



[20]

The above photograph does not actually depict deceased Sergeant Daniel Baker's grave;[21] instead, the photograph was an altered image from The Rites's 2009 album "Pissing On Your Grave" that contained Baker's crudely integrated professional headshot.[22]

---

[20] Pl.'s Amended Compl., R. 45, PageID #1761, ¶ 20; Defs.' Craig and Vallee's Answer, R. 67, PageID #1952 ¶ 20 ("Denied that the post was a political message; the remainder of the allegations contained in this paragraph are admitted.").

[21] Defs.' Craig and Vallee's Answer, R. 67, PageID #1952 ¶ 21 ("Admitted that the photograph does not depict the gravesite of Sergeant Daniel Baker.").

[22] Pl.'s Amended Compl., R. 45, PageID ##1761–62, ¶ 21.

Mr. Garton's offensive political message ignited a firestorm. The Tennessee Bureau of Investigation—Tennessee's highest law enforcement entity—sent out a series of news alerts regarding its investigation into "the origin of [Mr. Garton's] troubling photograph" and Dickson District Attorney General Ray Crouch's request for that investigation:



23

During the investigation, TBI agents Joseph Craig and Andrew Vallee quickly "determined that the photograph was not of Sergeant Daniel Baker's grave."[24] "The TBI's work, however, continue[d]."[25] Thus, after determining that Mr. Garton was the person who posted the photograph, "Craig charged

---

[23] Pl.'s Amended Compl., R. 45, PageID #1763, ¶ 26.
[24] Defs.' Craig and Vallee's Answer, R. 67, PageID #1953, ¶ 23 ("Admitted that Defendants Craig and Vallee determined that the photograph was not of Sergeant Daniel Baker's grave").
[25] Pl.'s Amended Compl., R. 45, PageID #1763, ¶ 26.

[Mr. Garton] with one count of harassment and [Mr. Garton] was booked in the Dickson County jail."[26]

Mr. Garton's arrest for posting a meme that criticized law enforcement—speech that, while offensive, was plainly protected by the First Amendment—similarly ignited a firestorm.  Members of the public were outraged by law enforcement's illicit response, prompting TBI Director David Rausch to compare the critical members of the public (he called them "trolls") to insurrectionists:



According to internal correspondence unearthed through a public records request, the District Attorney was the main target of public criticism (which law enforcement characterized as "threat[s]"), but the "TBI and

---

[26] *Id.* at ¶ 28 ("Admitted that Defendant Craig charged Plaintiff with one count of harassment and that Plaintiff was booked in the Dickson County jail.").
[27] Public Records, R. 1-1, PageID #144.

Sheriff's office" were contacted repeatedly as well "because we violated [Mr. Garton's] 1st amendment rights[.]"[28]  Evidencing law enforcement's feelings about and approach to the situation, one involved participant responded: "He has a right to post.  That doesn't mean there are no consequences":



Mr. Garton's harassment charge was eventually dismissed after a preliminary hearing for lack of probable cause.[30]  "Only after the [General Sessions] Court's written order dismissing his case was entered was [Mr. Garton] finally released from jail."[31]

---

[28] *Id.* at PageID #130.
[29] *Id.* at PageID #131.
[30] General Sessions Court Order, R. 1-4, PageID #244.
[31] Pl.'s Amended Compl., R. 45, PageID ##1769–70, ¶ 46 ("Only after the Court's written order dismissing his case was entered was the Plaintiff finally released from jail."); Defs.' Craig and Vallee's Answer, R. 67, PageID #1955 ¶ 46 ("The *first sentence* is admitted.").

After being released from jail, Mr. Garton initiated civil rights claims against several Defendants.[32]   Following an amendment, six of the Defendants were dismissed, leaving Defendants Craig and Vallee (TBI agents) and Defendant Crouch (the Dickson District Attorney) remaining.[33]

Mr. Garton's litigation against these three remaining defendants then proceeded to discovery.  In response to discovery requests that called for production of Mr. Garton's TBI investigative file, Defendants Craig and Vallee moved for a protective order.[34]  As justification, Defendants Craig and Vallee stated:

> TBI Case File NA-98F-000016 involves the investigation of Joshua Garton, which gives rise to the instant lawsuit, and has been identified by Defendants Craig and Vallee in their Initial Disclosures.  Good cause exists for the entry of a protective order, as such documentation is protected as confidential pursuant to Tenn. Code Ann. § 10-7-504(a)(2)(A).[35]

Mr. Garton opposed Craig and Vallee's motion for a protective order.[36] His response noted, among other things, that "because no actual, specific harm resulting from the TBI's disclosure of its investigative file has even been alleged, the movants have failed to meet their burden of establishing good

---

[32] Pl.'s Compl., R. 1, PageID ##1–26.

[33] Jan. 28, 2022 Order, R. 62, PageID ##1932–1933.

[34] Craig and Vallee Mot. for Protective Order, R. 73, PageID ##1986–89.

[35] *Id.* at PageID #1986.

[36] Pl.'s Resp. in Opp. to Defs.' Mot. for Protective Order, R. 74, PageID ##1993–2002.

cause to justify a protective order."[37]

Craig and Vallee's motion for a protective order was assigned to a magistrate judge for disposition.  Upon review, the magistrate judge's Memorandum Order observed that "[t]he entirety of Craig and Vallee's argument is made in one sentence" and "Craig and Vallee offer no further guidance as to how the Court should consider the relevance of the state statute on which they rely to discovery in federal court litigation."[38]  Even so, the magistrate judge undertook her own legal inquiry and research into the matter.[39]  Based on authority the movants had never cited, the magistrate judge ultimately determined that comity principles justified entry of the protective order the movants sought.[40]  The magistrate judge's order also stated that "none of Garton's arguments identifies any harm that would result from entry of the limited protective order that Craig and Vallee propose."[41]  Thus, the magistrate judge granted Craig and Vallee's motion for a protective order[42] and entered the protective order they requested.[43]

---

[37] *Id.* at PageID #1998.

[38] Jan. 23, 2023 Mem. Order, R. 85, PageID #2034 (quoting Craig and Vallee Mot. for Protective Order, R. 73).

[39] *Id.* at PageID ##2035–40.

[40] *Id.*

[41] *Id.* at PageID #2040, n.3.

[42] *Id.* at PageID #2041.

[43] Protective Order, R. 86, PageID ##2042–43.

Mr. Garton then moved the district court judge for review of the magistrate judge's order granting Craig and Vallee's motion for a protective order.[44]  The district court judge granted Mr. Garton's motion for review but denied his request "that the Memorandum Order be reversed and that the Protective Order be vacated[.]"[45]

Mr. Garton's litigation then continued on against the three remaining defendants with a protective order in place.  During the discovery period, Mr. Garton moved for leave to file second amended complaint, which sought to add allegations relevant to his earlier-dismissed official-capacity claims for injunctive and declaratory relief against Defendants Crouch and Rausch.[46]

While Mr. Garton's motion for leave to file a second amended complaint was pending—and before any summary judgment motions were filed—Mr. Garton settled his remaining individual capacity damages claims against Defendants Craig, Vallee, and Rausch.[47]  Mr. Garton accordingly stipulated that those three defendants should be dismissed under Fed. R. Civ.

---

[44] Pl.'s Mot. for Review of Nondispositive Order of Magistrate Judge, R. 87, PageID #2044; Pl.'s Memo. in Supp. of Mot. for Review of Nondispositive Order of Magistrate Judge, R. 88, PageID ##2047–54.

[45] Mem. and Order, R. 92, PageID ##2064–69.

[46] Mot. for Leave to File Second Amended Compl., R. 96, PageID ##2076–81.

[47] Pl.'s Stipulation of Dismissal as to Defs.' Craig, Crouch, and Vallee, R. 115, PageID #2173.

P. 21.[48]   After Mr. Garton raised finality concerns arising from his still-unadjudicated Motion for Leave to File a Second Amended Complaint, the district court stated that its judgment was final.[49]

Mr. Garton then filed a timely notice of appeal.[50]   Before briefing began, Mr. Garton reached a mediated settlement of his claims against Defendants the City of Dickson and Arnold,[51] which the district court had dismissed below on a Rule 12 motion.  This appeal followed.

---

[48] *Id.*

[49] Nov. 13, 2023 Order, R. 117, PageID #2182.

[50] Notice of Appeal, R. 118, PageID #2183.

[51] *See* Case No. 23-6002, Docket Entries 24 & 26.

# VIII. SUMMARY OF ARGUMENT

A.     Under Fed. R. Civ. P. 26(c)(1), protective orders may issue upon a showing of "good cause[.]"  To show good cause, movants must make a particular and specific demonstration of fact that a protective order is necessary to prevent a clearly defined and serious injury.  The single-sentence justification for a protective order offered by the movants below did not meet this burden.

B.     The magistrate judge erred by raising, in the movants' place, its own arguments in support of issuing a protective order.  Doing so contravened party-presentation rules and improperly deprived Mr. Garton of a meaningful opportunity to address the arguments the district court raised *sua sponte*.

C.     The magistrate judge's *sua sponte* arguments were erroneous. The magistrate judge's order granting the movants' motion for a protective order incorrectly suggested that Mr. Garton had a burden of proof; it neglected the public's transparency interests, particularly in civil rights cases like this one; and it considered generalized matters of state "comity" despite Rule 26(c)(1)'s narrow mandate that protective orders may issue only for good cause to protect "a party or person" from "annoyance, embarrassment, oppression, or undue burden or expense."

## IX.  ARGUMENT

### A.   CRAIG AND VALLEE FAILED TO MEET THEIR BURDEN OF SHOWING GOOD CAUSE FOR A PROTECTIVE ORDER.

"A protective order shall only be entered upon a showing of 'good cause' by the party seeking protection."  *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 929 (quoting Fed. R. Civ. P. 26(c)(1)).  "To show good cause for a protective order, the moving party is required to make 'a particular and specific demonstration ***of fact***, as distinguished from stereotyped and conclusory statements.'"  *Id.* (emphasis added) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (in turn quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981))).  A movant's demonstrated facts must "show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient."  *Am. Addiction Centers, Inc. v. Nat'l Ass'n of Addiction Treatment Providers*, No. 3:19-CV-376, 2019 WL 13125499, at *1 (M.D. Tenn. Nov. 7, 2019) (citing *In re Skelaxin (Metaxalone) Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013)).  In all cases, "[t]he burden of establishing good cause for a protective order rests with the movant."  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973)).

Because protective orders result in information being withheld from

the public, a movant's burden to show that a protective order should issue is "heavy[.]" *Anderson v. City of Fulton, Kentucky*, No. 5:18-CV-00032-TBR-LLK, 2019 WL 729986, at *1 (W.D. Ky. Feb. 20, 2019) ("Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public."). That interpretation of Rule 26(c)(1) is mandated by this Court's precedent, which instructs that discovery-related protective orders must be supported by "compelling reasons[.]" *See Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("[A]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings."); *see also Solar X Eyewear, LLC v. Bowyer*, No. 1:11-CV-763, 2011 WL 3921615, at *1 (N.D. Ohio Sept. 7, 2011) ("The Sixth Circuit recognizes a presumption of public access to discovery materials." (citing *Meyer Goldberg, Inc.*, 823 F.2d at 162–64)).

Here, as the magistrate judge acknowledged, "[t]he entirety of Craig and Vallee's argument" supporting entry of a protective order was "made in one sentence: 'Good cause exists for the entry of a protective order, as such documentation is protected as confidential pursuant to Tenn. Code Ann. §

10-7-504(a)(2)(A).'"  Jan. 23, 2023 Mem. Order, R. 85, PageID #2034 (quoting Craig and Vallee Mot. for Protective Order, R. 73).  But "the moving party is required to make 'a particular and specific demonstration of fact'" to support issuing a protective order, *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 929 (cleaned up), and the one-sentence argument offered by the movants here did not meet this burden.  Craig and Vallee's motion also failed to establish—or even assert—that they would suffer a "clearly defined and serious injury" without a protective order.  *See Am. Addiction Centers, Inc.*, 2019 WL 13125499, at *1.  Certainly, the single sentence offered by the movants failed to establish that "compelling reasons exist for denying the public access to the proceedings."  *Meyer Goldberg, Inc.*, 823 F.2d at 162.

Had Craig and Vallee come forward with facts or evidence identifying specific harm that would or plausibly could result from public disclosure of Mr. Garton's TBI investigative file—for instance, that it would reveal a confidential source, confidential investigative methods, or some other confidential matter—the correct result here might well be different.  They didn't, though.  *See* Craig and Vallee Mot. for Protective Order, R. 73, PageID ##1986–89.  Instead, they offered a "one sentence" argument that—simply because Tennessee's public records law would not allow for public disclosure of the documents to any Tennessee citizen who requests them—Federal Rule

of Civil Procedure 26(c) should protect the file from public disclosure in litigation. Absent specific facts and evidence supporting a claim that Craig and Vallee would suffer some specific harm from disclosing Mr. Garton's TBI file without a protective order, though, a protective order was improper. *See In re Nat'l Prescription Opiate Litig*., 927 F.3d at 929. The magistrate judge's order granting Craig and Vallee's motion for a protective order should be reversed accordingly, and the resulting protective order vacated.

**B.    THE MAGISTRATE JUDGE VIOLATED PARTY-PRESENTATION RULES BY RAISING ITS OWN ARGUMENTS IN SUPPORT OF A PROTECTIVE ORDER.**

In their single-sentence argument below, the movants asserted that a protective order should issue because certain records that Mr. Garton sought in discovery were "protected as confidential pursuant to Tenn. Code Ann. § 10-7-504(a)(2)(A).'" Craig and Vallee Mot. for Protective Order, R. 73, PageID #1986. Tenn. Code Ann. § 10-7-504(a)(2)(A) is an exemption to public disclosure included in the Tennessee Public Records Act. *Id.* As the magistrate judge observed, though, "Craig and Vallee offer[ed] no further guidance as to how the Court should consider the relevance of the state statute on which they rely to discovery in federal court litigation." Jan. 23, 2023 Mem. Order, R. 85, PageID #2034.

That observation should have ended the matter. When parties fail to raise arguments on their own, courts are generally forbidden from doing so

in their place.  *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579, 206 L. Ed. 2d 866 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation.  As this Court stated in *Greenlaw v. United States*, 554 U.S. 237, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008), 'in both civil and criminal cases, in the first instance and on appeal ..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'") (cleaned up)); *see also United States v. McReynolds*, 964 F.3d 555, 570–74 (6th Cir. 2020) (Griffin, J., concurring) (emphasizing importance of adhering to party-presentation rules).

Here, though, despite observing that the movants had not offered any "guidance as to how the Court should consider the relevance of the state statute on which they rely to discovery in federal court litigation[,]" the district court embarked on its own quest for arguments that would support issuing a protective order.  *See* Jan. 23, 2023 Mem. Order, R. 85, PageID ##2034–2040.  In doing so, the magistrate judge *sua sponte* considered state "comity" issues that the movants had not raised, and it did so based on caselaw the movants had not cited.  *Id.*  Courts do not "'sit as self-directed boards of legal inquiry and research[,]'" though.  *Koprowski v. Baker*, 822 F.3d 248, 258 (6th Cir. 2016) (quoting *Carducci v. Regan*, 714 F.2d 171, 177

(D.C. Cir. 1983) (Scalia, J.)).   Thus, the magistrate judge's sua sponte "assess[ment]" of "the comity considerations in this case" was improper, and it contravened party-presentation rules.   Jan. 23, 2023 Mem. Order, R. 85, PageID #2037.   Further, given that Craig and Vallee never raised any comity argument themselves, this Court should decline to consider the argument now, and it should deem any such argument waived.   *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) ("We thus need not consider this argument. 'Issues that are not squarely presented to the trial court are considered waived and may not be raised on appeal.'") (quoting *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1172 (6th Cir. 1996)).

By ruling based on comity arguments the movants themselves never made, the magistrate judge also deprived Mr. Garton of a meaningful opportunity to address the arguments before ruling.   As the U.S. Supreme Court has explained, this was impermissible.   *See Day v. McDonough*, 547 U.S. 198, 210 (2006) ("before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").   Simply put: process matters, and parties are entitled to a fair opportunity to make their case if a court intends to raise arguments against them *sua sponte. Id.*; *cf.* Adam A. Milani & Michael R. Smith, *Playing God: A Critical Look at Sua Sponte Decisions by Appellate Courts*, 69 TENN. L. REV. 245,

304-07 (2002) (arguing that parties should get rehearing as of right when a panel decides matters without notice).

### C. THE MAGISTRATE JUDGE'S *SUA SPONTE* ARGUMENTS IN SUPPORT OF A PROTECTIVE ORDER WERE WRONG.

In addition to being improper, *see supra* at 16–19, the magistrate judge's *sua sponte* arguments in support of a protective order were wrong. Several reasons support this conclusion.

<u>*First*</u>, the magistrate judge's order improperly relied on a determination that "none of Garton's arguments identifies any harm that would result from entry of the limited protective order that Craig and Vallee propose." Jan. 23, 2023 Mem. Order, R. 85, PageID #2040, n.3. Parties opposing a protective order have no burden, though, given the presumption of public access to court proceedings. *See Nix*, 11 F. App'x at 500 ("[t]he burden of establishing good cause for a protective order rests with the movant."); *Meyer Goldberg, Inc.*, 823 F.2d at 162 ("'[A]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings.'") (cleaned up). Thus, faulting Mr. Garton for failing to identify harm that he had no burden to show was improper.

<u>*Second,*</u> the magistrate judge's order failed to give adequate weight to the public's transparency interests. Given the ethics of "public access to

[judicial proceedings[,]" those interests matter.  *See id.*; *see also Anderson*, 2019 WL 729986, at *1 ("Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a protective order has a heavy burden to show substantial justification for withholding information from the public.").  The public's transparency interests also carry outsized importance in civil rights cases against public officials, where protective orders should be issued sparingly.  *See, e.g., Shingara v. Skiles*, 420 F.3d 301, 308 (3d Cir. 2005) ("the last two factors clearly weigh against the protective order. The parties benefitting from the protective order are public officials, and the case certainly involves 'issues important to the public.'"); *cf. Longenbach v. McGonigle*, 750 F. Supp. 178, 180–81 (E.D. Pa. 1990) (it does not "make any sense to allow the state, under whose color of authority officers have allegedly violated rights, to limit unilaterally the availability of evidence."); *Pearson v. Miller*, 211 F.3d 57, 68 (3d Cir. 2000) ("The appropriateness of deference to a state's law of privilege is diminished, however, in cases in which a defendant state actor alleged to have violated citizens' federal rights is asserting the privilege."); *Am. C.L. Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1344 (5th Cir. 1981) ("there is a 'special danger' in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged.") (quoting *Carr*

*v. Monroe Mfg. Co.*, 431 F.2d 384, 389 (5th Cir. 1970) ("this is a suit against the highest official of the very government agency asserting the privilege.  In such cases there is a special danger in the government official having the power to define the scope of his own privilege, free of supervision by the courts.").

Recognizing "a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other[,]" does not adequately address this problem, either.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).  Where, as here, a civil rights case is settled before documents that are subject to protection are filed in the court record, the public is permanently deprived of access to them, and heightened sealing considerations that otherwise trigger public access never come into play.  Thus, in the *most* meritorious civil rights cases involving clear abuses by public officials—cases, like this one, where public officials settle before summary judgment—the public will forever be denied access to critical information about governmental wrongdoing if motions for protective orders are not subject to meaningful scrutiny for evidence of actual harm.

<u>*Third*</u>, the magistrate judge's reliance on generalized matters of state

"comity" makes little sense. Generalized "[c]omity considerations" and "Tennessee's interests" as reflected by its public records statute may matter in any number of other contexts. *See* Jan. 23, 2023 Mem. Order, R. 85, PageID ##2037–38. It is hard to see how such considerations matter—or could matter—under the narrow strictures of Fed. R. Civ. P. 26(c)(1), though, which provides that "[t]he court may, for good cause, issue an order to protect *a party or person*" from "*annoyance, embarrassment, oppression, or undue burden or expense*[.]" *Id.* (emphases added). Generalized state comity considerations have nothing to do with a "party or person's" need for protection. *Id.* They also cannot reasonably be characterized as having anything to do with "annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* As a result, the magistrate judge erred by considering such concerns, and it certainly erred by giving them controlling weight.

## X.  CONCLUSION

For the foregoing reasons, the magistrate judge's order granting Craig and Vallee's motion for a protective order (R. 85) should be reversed, and the resulting protective order (R. 86) should be vacated.

Respectfully submitted,

By:    /s/ Daniel A. Horwitz
       DANIEL A. HORWITZ (TN #032176)
       LINDSAY E. SMITH (TN #035937)
       MELISSA K. DIX (TN #038535)
       HORWITZ LAW, PLLC
       4016 WESTLAWN DR.
       NASHVILLE, TN 37209
       (615) 739-2888
       daniel@horwitz.law
       lindsay@horwitz.law
       melissa@horwitz.law

       *Counsel for Plaintiff-Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5,515 words, as calculated by Microsoft Word, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Georgia font.

By:  <u>/s/ Daniel A. Horwitz</u>
DANIEL A. HORWITZ, BPR #032176

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March, 2024, a copy of the foregoing was filed electronically through the appellate CM/ECF system and sent via CM/ECF to the following:

Amanda S. Jordan
Meghan Murphy
Senior Assistant Attorneys General
P.O. Box 20207
Nashville, TN 37202-0207
amanda.jordan@ag.tn.gov
meghan.murphy@ag.tn.gov

Mary Elizabeth McCullohs
Lauren Kisner
Senior Assistant Attorney General
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
mary.mccullohs@ag.tn.gov
lauren.kisner@ag.tn.gov

*Counsel for Appellees*

By:    /s/ Daniel A. Horwitz_____
        DANIEL A. HORWITZ, BPR #032176

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Docket Entry No. | Description | PageID # |
|---|---|---|
| R. 1 | Pl.'s Compl. | 1–26 |
| R. 1-1 | Public Records | 27–162 |
| R. 1-4 | General Sessions Court Order | 244 |
| R. 45 | Pl.'s Amended Compl. | 1755–85 |
| R. 62 | Jan. 28, 2022 Order | 1932–33 |
| R. 67 | Defs.' Craig and Vallee's Answer | 1950–60 |
| R. 73 | Craig and Vallee Mot. for Protective Order | 1986–89 |
| R. 74 | Pl.'s Resp. in Opp. to Defs.' Mot. for Protective Order | 1993–2002 |
| R. 85 | Jan. 23, 2023 Mem. Order | 2030–41 |
| R. 86 | Protective Order | 2042–43 |
| R. 87 | Pl.'s Mot. for Review of Nondispositive Order of Magistrate Judge | 2044–46 |
| R. 88 | Pl.'s Memo. in Supp. of Mot. for Review of Nondispositive Order of Magistrate Judge | 2047–54 |
| R. 92 | Mem. and Order | 2064–69 |
| R. 96 | Mot. for Leave to File Second Amended Compl. | 2076–81 |
| R. 96-1 | Proposed Second Amended Compl. | 2082–2115 |

| R. 115 | Pl.'s Stipulation of Dismissal as to Defs.' Craig, Crouch, and Vallee | 2173–75 |
|--------|------------------------------------------------------------------------|---------|
| R. 116 | Pl.'s Notice Regarding Unadjudicated Mot. that Precludes Finality | 2176–79 |
| R. 117 | Nov. 13, 2023 Order | 2180–82 |
| R. 118 | Notice of Appeal | 2183–85 |